UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| XIAOGUANG ZHENG, *et al.*, ) | |
| ) | CASE NO.1:15 CV 1690 |
| Plaintiffs, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| SOUFUN HOLDINGS LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Plaintiffs' Motion for Leave to Make a Limited Amendment to complaint by Adding Mr. Zhenfen Huang as a Party and Representative Plaintiff. (ECF #36). Defendant filed a Brief in Opposition to Plaintiffs' Motion, and Plaintiffs filed a Reply in support of their request. (ECF #37, 38).

In determining whether to permit an amendment, a Court should consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to cure deficiencies, and whether the amendment would be cause undue prejudice to the party or would be futile. *See, e.g., Coe v. Bell*, 161 F.3d 320, 341. Motions for leave to amend pleadings are construed liberally. *Foman v. Davis*, 371 U.S. 178 (1962); Fed. R. Civ. Pro. 15(a)(2)("The court should freely give leave when justice so requires.").

Defendant argues that the amendment should be denied because its purpose is to counter

arguments made in Defendant, SouFun Holdings Ltd's Motion to Dismiss on the basis of *forum non conveniens*, and that the filing of this motion after Defendant had already filed a motion to dismiss was simply a tactical delay.  Plaintiff argues that the request for amendment was made at the earliest possible time, that Plaintiffs notified Defendant of their intent to file this request before the motions to dismiss were filed, and that they did not file sooner only because they were required to conduct a due diligence investigation of the allegations made by the potential new plaintiff.  The Court finds that there is no evidence that the request to amend was unduly delayed, or made in bad faith.   Although Plaintiffs do not challenge the Defendants' contention that the addition of Mr. Huang will arguably affect the arguments related to Defendants' Motion to Dismiss on the basis of *forum non conveniens*, there is nothing intrinsically untoward or improper in Plaintiffs' attempt to bolster their Complaint against potential arguments for dismissal. Further, it appears that Plaintiffs notified Defendants of their intention to file as soon as they became aware that there was another viable representative Plaintiff interested in joining this lawsuit.

Defendants' futility argument is also without merit.  This Court cannot say based on the arguments of the parties at this juncture the addition of Mr. Huang would be futile or barred as a matter of law.  Plaintiffs do not seek to alter the claims set forth in their Complaint.  Adding another representative does not affect the substantive viability of the Complaint.  Relative to the Defendants' arguments on *forum non conveniens*, it would be premature for the Court to determine whether the addition of Mr. Huang will affect the resolution, as Plaintiffs have not yet had the opportunity to respond to Defendants motion on that issue.  Therefore, the Court finds no compelling reason to deny Plaintiffs' Motion to Amend under the liberal standard for amendments.  Plaintiffs' Motion for Leave to Make a Limited Amendment to Complaint By

Adding Mr. Zhenfen Huang as a Party and Representative Plaintiff, (ECF #36), is GRANTED.

There is no need for the Defendants to amend their motion to Dismiss on the grounds of *forum non conveniens* following the filing of the Amended Complaint. The Court will consider the arguments relating to this issue raised in Defendants Opposition to the Motion to Amend as supplements to Defendants' Motion. Further, Defendants will have the opportunity to highlight additional arguments relating to the addition of Mr. Huang in their reply brief if they so wish. Briefing shall continue on this issue in accordance with the timing set forth in the Federal Rules of Civil Procedure, or as otherwise allowed by subsequent Court orders. IT IS SO ORDERED.

       /s/ Donald C. Nugent
      DONALD C. NUGENT
      United States District Judge

DATED: January 15, 2016