IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XIOGUANG ZHENG, et al., | ) | CASE NO. 1:15-CV-1690 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUFUN HOLDINGS, LTD., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on several motions filed by the parties. Defendant, Soufun Holdings Ltd., (hereafter "SF Holdings"), has filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(2) and (6), (ECF #32), a Motion to Dismiss based on the Doctrine of *Forum Non Conveniens*, (ECF #33), and a Motion to Strike the First Amended Complaint's Class Allegations (ECF #34). Defendant, Soufun International, (hereafter "SF International"), later filed a Motion to Dismiss and Motion to Strike Class Allegations or Alternatively to Quash Service of Process. (ECF #46).[1]

Plaintiffs filed Opposition Motions to each of Defendants' above-reference Motions (*see* ECF #50, 51, 52 and 53), and Defendants filed their Replies (*see* ECF #54, 55, 56 and 57). These issues have therefore been fully briefed and are ripe for review.

---

[1] Defendant's Motion to Quash was withdrawn on March 21, 2016 in as much as service had been perfected.

For the reasons more fully set forth below, this Court GRANTS the Motion to Dismiss based on the Doctrine of *forum non conveniens* as to both Defendants, SF Holdings and SF International.[2]

### I. Factual and Procedural Background[3]

On January 21, 2016, Plaintiffs filed their Second Amended Class Action Complaint (hereafter "SAC") against Defendants, SF Holdings and SF International. (ECF #45). Plaintiffs, Xiaoguang Zheng, Fuqing Chen and Xudong Song, are citizens of the People's Republic of China (hereafter "China"). Plaintiff, Zhenfen Huang, is a United States resident who lives in Missouri. (ECF #45, ¶¶ 1-4). Plaintiff, Sunshine International, LLC, (hereafter "Sunshine") is an Ohio LLC owned solely by Plaintiff-Song,[4] therefore Sunshine is also considered a resident of China. *(See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356-57 (6th Cir.2010).

Defendant SF Holdings is a stock-holding company incorporated in the Cayman Islands with offices in Beijing, China. (ECF #33, p.2). Defendant SF International is a Hong Kong corporation and is a wholly-owned subsidiary of SF Holdings. *(Id.)* Plaintiffs allege that Defendants operate www.Fang.com and www.SouFun.com, "the leading real estate website[s] in

---

[2] SF International had not been served with this lawsuit when the Motion to Dismiss for *Forum non Conveniens* was filed, however, SF Holdings indicated that "the arguments in this motion apply equally to SF International." (ECF #33, fn 1). Defendants' later filed their Reply Memorandum (ECF #57) jointly.

[3] The facts as stated in this Memorandum and Order are taken from the pleadings and should not be construed as findings of this Court.  When ruling on this motion to dismiss based upon *forum non conveniens*, this Court accepted all well-pleaded allegations in the complaint as true and drew all reasonable inferences in favor of the plaintiff.

[4] ECF #45, ¶5.

China," which advertise properties for sale in the United States, China and "(30+) other countries." (ECF #45, ¶¶14-15).

Plaintiffs allege that after learning about real estate investment opportunities found on Defendants' websites, they contacted Ms. Xianyao Wu, the representative of the company selling the properties, Investor Income Properties, LLC (hereafter "IIP"). (See ECF #45, ¶¶43, 74). Plaintiffs allege that after contacting Ms. Wu in her Shanghai, China office, Plaintiffs collectively purchased approximately 70 properties in Ohio from the seller, IIP.  (See ECF #45 ¶¶38-40, 43-44).   Neither Ms. Wu nor IIP are named as parties in this lawsuit.

Plaintiffs allege that Defendants' website made false representations regarding the potential value of these real estate investments, in that the properties did not produce the "net/guaranteed income as promised." (*Id*. at ¶51). Plaintiffs have brought this action against Defendants alleging fraud, deceptive trade practices, violation of the Ohio Consumer Sales Practice Act, unjust enrichment, breach of fiduciary duty and negligent misrepresentation. Defendants filed several motions to dismiss, including a Motion to Dismiss Based Upon the Doctrine of *Forum non Conveniens*, which will be addressed herein.[5]

## II. Law and Analysis

"The principle of *forum non conveniens* is that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).  The Sixth Circuit has held that a "dismissal of a case for *forum non conveniens* is appropriate when the defendants

---

[5]   Because the Court will dismiss this case on *forum non conveniens* grounds, it need not consider the alternative motions for dismissal.

establish, first, that the claim can be heard in an available and adequate alternative forum and, second, that the balance of private and public factors ... reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." *DRFP LLC v. Republica Bolivariana de Venezuela*, 622 F.3d 513, 519 (6th Cir.2010)(*citing Gulf Oil,* 330 U.S. at 501).

A *forum non conveniens* dismissal is a "non-merits ground for dismissal," evidencing a court's finding that the merits of a case should be adjudicated elsewhere. *Sinochem v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)(*citations omitted*). The doctrine of *forum non conveniens* has been characterized as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *(Id.* at 429.) Therefore, a district court is not required to resolve jurisdictional issues prior to a dismissal based upon *forum non conveniens*. (*Id*.)

A determination to dismiss a case based upon *forum non conveniens* is "committed to the sound discretion of the trial court" and deserves substantial deference. *Piper Aircraft Co.v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252 (1981)(*citation omitted*).

In this case, Defendants have asked this Court to dismiss Plaintiffs' SAC because they argue that this matter should be litigated in China. Four of the Plaintiffs are residents of China,[6] and do not speak English. (*See* ECF #45, ¶141). Only Plaintiff-Huang is a resident of the United States, and he was not a named Plaintiff until the filing of the SAC in January of 2016.[7] Ms. Xianyao Wu, who dealt directly with the Plaintiffs to facilitate the sales of the properties, is a

---

[6] This includes Plaintiff-Sunshine.

[7] *See* ECF #45.

resident of China and speaks Chinese. (*See* ECF #33, p. 2). Any of Defendants' employees who have knowledge or information regarding the allegations contained in this lawsuit are also residents of China and native Chinese speakers. (*Id*. at 2-3). The websites allegedly operated by Defendants were registered in China and are written and displayed in the Chinese language. (*See* ECF #57, p. 1). Finally, it appears from the record that all Plaintiffs completed "the same mail-away closing" process within China, and that no Plaintiff traveled to the State of Ohio before or at the time of closing on their properties. (*See* ECF #45, ¶47).

It is with these facts in mind that this Court will analyze whether this matter should be dismissed under the doctrine of *forum non conveniens*.

1. Available and Adequate Forum

A defendant seeking *forum non conveniens* dismissal must first identify and establish the existence of an adequate alternative forum for the lawsuit. *See Faurecia Exhaust Sys., Inc. v. Walker*, 464 F.Supp.2d 700, 709 (N.D.Ohio 2006)(*citing Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 335 (6th Cir.2001). The requirement of an available and adequate alternative forum is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. *See DRFP LLC,* 622 F.3d at 519 (*citations omitted*). In this case, Defendants have agreed to submit to the jurisdiction of the Chinese courts for these claims and have expressly consented to tolling the statute of limitations "as to all putative class members (unless the class allegations are stricken) from August 23, 2015, the date of the complaint, through 120 days after the dismissal order." (ECF #57, p.5). Therefore, China is an available forum for this dispute under this analysis.

It is only in rare instances that an alternative forum will be deemed inadequate, such as where a plaintiff shows that severe obstacles to conducting litigation exist. *Rustal*, 17 Fed.Appx.

at 335.  However, when determining whether another forum is adequate, it is not necessary to determine whether the exact same causes of action, or even analogous causes of action, are available.  *See Solari v. Goodyear Tire and Rubber Co.*, No. 5:14 CV 1000, 2015 WL 6082558, at *4 (N.D.Ohio 2015)(*quoting Piper,* 454 U.S. at 240-42).  It is also not necessary to engage in "complex exercises in comparative law," rather, a court may rely upon affidavits submitted by legal experts from the proposed alternative forum when determining the adequacy of the forum.  *See Piper*, 454 U.S. at 251.  Furthermore, a forum is not considered unavailable or inadequate merely because the law applied in that forum is less favorable to a plaintiff than the law of the plaintiff's chosen forum. *DRFP,* 622 F.3d at 520 *(citing Piper)*.

Plaintiff argues that China is not an adequate forum because of issues regarding the statute of limitations.  However, this issue is resolved, as Defendants have explicitly agreed to waive such defense and this agreement will be made a condition of this dismissal.  Plaintiffs also argue that Chinese courts provide insufficient remedies, make it difficult to collect evidence, do not have a class action device and "cases involving real estate must be heard where the real estate is located." (*See* ECF #51, pp. 7-8; ECF #51-1, Shen Declaration.)  Finally, Plaintiffs' expert makes general accusations of "corruption" in the Chinese judicial system, calling it "not as fair, impartial or thorough as the U.S. judicial system." (ECF #51-1, ¶81).  These arguments do not render the Chinese judicial system inadequate.

First, Defendants' expert indicates that Chinese law does permit recovery for claims alleged in Plaintiffs' SAC - fraud, deceptive practices, false advertising, unjust enrichment and

breach of duty. (*See* ECF #33-2; Xu Guogian Declaration).[8] As to the collection and translation of evidence, the record indicates that the majority, if not all, of the documentary evidence is within China and written in the Chinese language, and would therefore need translation if this case remained with this Court. The same holds true when discussing witnesses' testimony. Therefore, the expense and inconvenience of translation weighs heavily in favor of dismissal. *See Solari*, 2015 WL 6082558, at *6.

Plaintiffs' expert also claims that China does not have a class-action device, which Defendants' expert disputes. Regardless, a forum without a class-action device is not considered inadequate when deciding a motion to dismiss based upon *forum non conveniens*. *Id.* at *5 (*citing Wong*, 589 F.3d at 831 and *Piper*, 454 U.S. at 255). Furthermore, this Court does not agree with Plaintiffs that this case involves a real estate dispute, as no claim is being presented against Defendants as an owner or seller of real estate property. As to the allegations of corruption or unfairness with the Chinese judicial system, it is well-established that "generalized, anecdotal complaints of corruption are not enough for a federal court to declare that [another nation's] legal system is so corrupt that it can't serve as an adequate forum." *See, e.g., Jiangsu Hongyuan Pharm. Co., Ltd. v. DI Global Logistics, Inc.*, 2016 WL 455347 (S.D. Fla, Feb. 5, 2016), at *8-9 (*string citation of similar case rulings omitted*).

Furthermore, this Court also notes that the United States Supreme Court and several federal courts have found, in similar cases, that the Chinese courts provide an adequate alternative

---

[8] Plaintiffs' expert also indicates the existence of rules and/or laws in China governing general contract, tort, civil procedure and consumer protections, although he disputes the manner in which such rules/laws apply herein. (*See* ECF #51-1.)

-7-

forum. *See, e.g.*, *Sinochem,* 549 U.S. 422 (China was the appropriate forum to present fraudulent misrepresentation claim against Chinese importer); *Jiangsu*, 2016 WL 455347 (China was an available and adequate forum to present breach of contract claims); *Chengwu Zhao v. Guo Qiang Ye*, No. 3:14 CV 157, 2015 WL 2170124 (D.Oregon May 6, 2015)(China provided an adequate remedy for breach of contract claims); *Warner Tech. & Inv. Corp. v. Hou*, No. 13-7415, 2014 WL 7409978, at *3-4 (D.N.J. Dec. 31, 2014)(China was an adequate forum for breach of contract and related fraud claims).

Based on these considerations, this Court is satisfied that China is an adequate alternative forum where Plaintiffs can bring their lawsuit.

2. <u>Private and Public Interests</u>

Having determined that China is an adequate forum for this lawsuit, this Court must now analyze whether the private and public interest factors favor dismissal. Before this analysis, it is important to note that typically, a defendant invoking *forum non conveniens* bears a heavy burden in opposing plaintiff's chosen forum. However, the Supreme Court has held that "[w]hen the plaintiff's choice is not its home forum ... the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.' *Sinochem,* 549 U.S. at 430 (*citation omitted*). In other words, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper,* 454 U.S. at 256. Furthermore, the deference usually afforded a plaintiff is considerably weakened when attempting to certify a class of plaintiffs. *See Jewell v. Aaron's, Inc*., 2012 WL 589488, at *4 (N.D.Ohio Feb. 22, 2012).

-8-

Therefore, this Court is not required to defer to Plaintiff's choice of Ohio as a forum for this matter.

The Supreme Court in *Gulf Oil*[9] set forth the private and public factors for the Court to consider when ruling on a *forum non conveniens* motion for dismissal as follows:

> Among the important private interest considerations are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The court must also consider problems in enforcing a judgment if one is obtained and relative advantages and obstacles to a fair trial, if any....
>
> The Court also identified relevant public interest factors: administrative difficulties of courts with congested dockets; the burden of jury duty on people of a community having no connection with the litigation; desirability of holding a trial near those most affected by it ...; appropriateness of holding a trial in a diversity case in a court which is familiar with governing law.

Id. at 508-09.

   a.   <u>Private Factors</u>

As already outlined, the majority of the evidence relied upon by Plaintiffs, in the form of documentation and witnesses' testimony, is located in China and written in the Chinese language. Therefore, the "ease of access to sources of proof" lies primarily in China. Some Plaintiffs have already expressed to this Court the hardship posed by traveling to Cleveland from China, citing the "substantial cost, both in terms of financial expense and time." (See ECF #17, p.2). Plaintiffs have also made it clear throughout their pleadings that they do not speak English, which would pose a substantial practical problem due to the time and expense of translating. (See, e.g., ECF #45, ¶141).

---

[9]   330 U.S. at 501.

In addition, the majority of Defendants business records, as well as other records and documentation relating to the Plaintiffs purchase of properties, all appear to be written in the Chinese language. In such instances, courts have found that the private interests of the parties supported dismissal based upon *forum non conveniens*.  *See, e.g., Innovation First Intern., Inc. v. Zuru, Inc.*, 513 Fed.Appx. 386, 392-93(5th Cir. Feb. 19, 2013)(finding where "most of the records and witnesses are located in China and their production or testimony can be compelled by Chinese courts," a dismissal based upon *forum non conveniens* was reasonable).[10]

Plaintiffs attempt to avoid these facts by alleging that there are "potentially dozens of nonparty witnesses" that may be located in the United States. (*See* ECF #51, p. 10).  Despite the fact that these witnesses remain unidentified and appear immaterial to Plaintiffs' claims, the record indicates that relevant, material witnesses having information relating to the website and the information it provided reside in China.[11]

To illustrate this point, both parties have indicated that a material witness in this case is Ms. Xianyao Wu, who allegedly met with each Plaintiff in Shanghai, China, to facilitate the sale of more than 70 properties.  Ms. Wu is located in China and speaks Chinese, and can therefore be compelled to testify in a Chinese Court. (*See, e.g.*, Guojian Decl. ¶¶67-68; *Innovation First*, 513

---

[10] Plaintiff argue that there are real estate documents located in Ohio relating to the properties in Ohio.  To the extent that these records are relevant, it is assumed that Plaintiffs, as owners of the properties at issue, possess or have immediate access to these records, and that they were either written in, or translated to, the Chinese language.  Therefore, no undue burden is placed upon Plaintiffs to produce these records.

[11] For example, listing as a potential non-party witness "third-party companies" who may have advertised on Defendants' website has no bearing in determining which forum is adequate.

Fed. Appx. At 392-93).  Conversely, Ms. Wu cannot be compelled to testify in the U.S., which would greatly affect the outcome of this matter. *See, e.g., Jiali Tang v. Synutra Intern., Inc.*, 656 F.3d 242 (4th Cir. 2011)(*citation omitted*).

For these reasons, this Court find that the private interest factors in this case favor China as the most appropriate forum.

    b.    <u>Public Interest Factors</u>

In weighing the public interest factors listed in *Gulf Oil, supra*, this Court finds that these factors also find in favor of a dismissal under the doctrine of *forum non conveniens*.

In weighing the "local interests" factor, it seems clear that China has more of an interest in resolving this case than Ohio.  Defendants' websites are written in the Chinese language in order to reach Chinese citizens regarding the purchase of properties in China and around the world.  Any "negligent misrepresentation" or "deceptive trade practice" by Defendants on such website affects Chinese citizens as the target audience of the website.[12]   Therefore, the local interest factor weighs in favor of dismissal.

As for judicial considerations, it is only logical that this matter should proceed in the forum where the potential jurors are familiar with the language and nuances of that language, since this case is based primarily on the alleged fraudulent statements and conduct of Defendants.[13]  This litigation should take place in the community having the most connection to the issues of this case - i.e. the Chinese public.  Furthermore, it does not require an exhaustive

---

[12]    See ECF #33-1, ¶7 (Wang Decl).

[13]    Plaintiffs have indicated their nervousness about the language barrier, cultural differences and unfamiliar "laws, practices and circumstances" in the U.S. (*See* ECF #45, ¶42).

comparative law analysis to determine that this Court would be faced with translating, interpreting and applying Chinese law throughout this dispute.  It thereby follows that a Chinese court, which is familiar with the relevant, governing law, would be a more appropriate forum for this matter.

For these reasons, this Court finds that the private factors warrant dismissal of this case.

### III.    Conclusion

After carefully weighing the relevant factors, and in light of the fact Defendants have: (1) consented to Chinese jurisdiction and agree to process of service in China in civil actions filed by the Plaintiffs on the claims stated in the Second Amended Complaint; and, (2) Defendants have agreed to toll the statute of limitations for 120 days from the date of this dismissal for Plaintiffs and any putative class members, this Court determines that the balance weighs in dismissing this action, and therefore, Defendants' Motion to Dismiss based upon *forum non conveniens* (ECF #33) is GRANTED.

Defendant SF Holdings' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(2) and (6) (ECF #32) and Motion to Strike the First Amended Complaint's Class Allegations (ECF #34), and SF International's Motion to Dismiss and Motion to Strike Class Allegations (ECF #46) are hereby DENIED AS MOOT.


IT IS SO ORDERED.


                                              /s/ Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATE: April 25, 2016