IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XIAOGUANG ZHENG, et al., | ) | CASE NO. 1:15-CV-1690 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) | |
| SOUFUN HOLDINGS LTD., et al., | ) ) | **MEMORANDUM AND OPINION** |
| Defendants. | ) | |

This matter is before the Court upon Plaintiffs' Motion for Reconsideration of this Court's April 25, 2016 Memorandum Opinion[1] (ECF #66). Defendants filed an Opposition Brief (ECF #68) and the Plaintiffs filed a Reply Brief in Support (ECF #69). This matter is fully briefed and ripe for review.

I.  Standards for Motion for Reconsideration

While the Federal Rules of Civil Procedure to not provide for a Motion for Reconsideration, the Sixth Circuit has held that such a motion may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Henderson v. City of Cleveland*, 2011 WL 1496668, at *1 (N.D.Ohio Apr. 19, 2011)(*citations omitted*). A court may grant a motion for reconsideration if there is a clear error of law, newly discovered evidence exists, there is an intervening change in controlling law, or to prevent manifest injustice. Id. (*citing Gencorp, Inc. v. Am. Int'l. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, motions for reconsideration may not

---

[1]  The Memorandum Opinion is docketed as ECF #65.

be used by the losing party to renew arguments previously considered and rejected by the court, nor to raise new legal theories that should have been raised earlier. *See, e.g., IMG Worldwide, Inc., v. Westchester Fire Ins. Co.,* 2012 WL 6553277 (N.D.Ohio 2012).

II. Discussion

Plaintiffs argue that they are entitled to reconsideration because (1) this Court made "several errors of law" in finding that China provides an adequate alternative forum; (2) "certain new evidence" supports a potential conspiracy claim; and (3) the "ease of access to sources of proof now lies primarily in Ohio." (ECF #66, pp.1-2).

Plaintiffs' counsel claims, for the first time, that there are proposed class members[2] (Rui He and Xuelei Wu) that have an interest in this matter and their claims fall outside of the statute of limitations herein. (ECF #66 p. 3). However, this argument fails for two reasons. First, it seems clear that Mr. He's claim regarding the alleged advertisement found on www.fang.com was known to counsel when she filed a Complaint on his behalf (along with Xiaoguang Zheng, a Plaintiff in the case *sub judice*) in the Northern District of Ohio on September 12, 2015 (hereafter referred to as the "He case").[3] Therefore, counsel has had the past ten months to raise Mr. He's alleged interests in this case, but failed to do so.[4] Plaintiffs cannot now, in a motion for reconsideration, "raise issues or facts that ... could have been addressed in the original proceedings." *IMG*

---

[2] This case was not certified as a Class Action. (See ECF #65).

[3] See Case No. 1:15-CV-1869, ECF #1, wherein Plaintiff-He states he saw the property listings on www.fang.com, the website at issue in this matter.

[4] For example, Plaintiffs filed an Amended Complaint (ECF #25) on December 3, 2015 and a Second Amended Complaint (ECF #45) on January 21, 2016, and did not attempt to add Mr. He as a plaintiff herein.

*Worldwide*, 2012 WL 6553277, at *1. Furthermore, this Court has already ruled that Defendants have explicitly agreed to toll the statute of limitations. (ECF #65, p. 5). Therefore, China remains an adequate form for this matter. *See, e.g., Hefferan v. Ethicon Endo-Surgery, Inc.*, 2015 WL 2169689 (S.D.Ohio May 8, 2015).

Plaintiffs' arguments about this Court's analysis regarding Ms. Wu's "ability and/or unwillingness to testify in Ohio" similarly fail. (ECF #66, p. 3). This Court's ruling in that regard was merely one of several elements used in weighing of the private and public interests that favor dismissal of this matter based upon the doctrine of *forum non conveniens*. *See* ECF #65, pp. 8-12; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This also holds true for the issue of whether this Court gave proper weight to evidence located within Ohio - Plaintiffs present no basis for reconsideration of the finding that on balance, the access to proof appears to be more convenient in a China proceeding. *See, e.g., Hefferan*, 2015 WL 2169689, at *4-5.

Finally, Plaintiffs allege that discovery in the pending He-case has "implicated [Defendants] as being at least a part of a RICO[5] conspiracy." (ECF #66, p. 6). Plaintiffs set forth allegations against parties that were identified in the He-case Complaint filed September 12, 2015, and again include the website www.fang.com at issue herein. (1:15-CV-1869; ECF #1). Plaintiffs could have raised these RICO allegations at any time within the past ten months in their two amended complaint filings, but failed to do so. It is widely held that "it is not the function of a motion to reconsider to proffer a new legal theory or new evidence to support a prior argument when then legal theory or argument could, with due diligence, have been discovered and offered

---

[5]  18 U.S.C.A. §§ 1961 to 1968 (1970).

during the initial consideration of the issue." *Miller v. Norfolk S. Rwy. Co.*, 208 F.Supp.2d 851 (N.D.Ohio May 2, 2002)(*citations omitted*).[6]

III. Conclusion

Based upon the foregoing, this Court DENIES Plaintiffs' Motion for Reconsideration (ECF #66).

IT IS SO ORDERED.

_____<br>
DONALD C. NUGENT<br>
United States District Judge

DATED: July 29, 2016

---

[6] Interestingly, Plaintiffs' attempt to add RICO claims in the He-case was denied because as Judge Gwin stated, "[g]iven Plaintiffs' knowledge of the proposed defendants, delaying the proposed amendment to this stage of litigation is evidence of bad faith and dilatory motives." 1:15-CV-1869, ECF #145, p. 6.